UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERESA ANN HANKERSON,<br><br>      Plaintiff,<br><br>-against-<br><br>FDIC; ORGATIME BANKING; SOCIAL SECURITY; VIOLATION OF HUMAN RIGHTS; INSUR; HOSPITAL; 61 PCT EXT.,<br><br>      Defendants. | 1:24-CV-1157 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Theresa Ann Hankerson, of Brooklyn, New York, who appears *pro se*, filed this action not specifying whether she invokes the court's federal question or diversity jurisdiction. She sues: (1) the "FDIC," which the Court understands to be the Federal Deposit Insurance Corporation ("FDIC"); (2) "Orgatime Banking"; (3) "Social Security," which the Court understands to be the Social Security Administration; (4) "Violation of Human Rights"; (5) "Insur."; (6) "Hospital"; and (7) "61 pct ext.," which Court understands to be the New York City Police Department's 61st Precinct, located in Brooklyn, New York. While Plaintiff does not specify whether she invokes the court's federal question jurisdiction, she states that the federal constitutional or federal statutory bases for her claims are that: "[t]he FDIC told the Bank of America not to open [an] account also they have my scholarships financial aid I had registered [for] [a]n online course training FDIC been scamming me for long time [*sic*]." (ECF 1, at 2.) Plaintiff also does not specify the relief she seeks.

  On February 21, 2024, the Court granted Plaintiff *in forma pauperis* ("IFP") status. For the reasons set forth below, the Court dismisses this action as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following:

> V.A. request FDIC to pay for my course Financial Aid, for school they kept the money and plus this been going on for years. They had been with[o]lding back what belong[s] to me . . . FDIC has been violat[ing] my education for years a long time and then some, also at the banks too as well B.A. Bank of America had dera[i]l[ed] me all the time scamming me. FDIC has been scamming me for years long time . . . they have cheated [me] out of my scholarship that my . . . parent[s] had left me. [*sic*]

(ECF 1, at 5-6.) Within the text of her complaint, Plaintiff does not allege anything about any defendant other than the FDIC, and she does not specify the relief she seeks.

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding

2

as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

To the extent that the Court can understand Plaintiff's complaint, Plaintiff's claims are premised on her belief that the FDIC directed Bank of America not to open a bank account for her, confiscated her scholarship and financial-aid money that she was to use to pursue her education, and that the FDIC, as well as Bank of America (which, unlike the FDIC, has not been named as a defendant), have been "scamming" her. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions of these claims. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she believes to be true but, because she has pleaded no factual predicate to support them, are implausible. Therefore, her allegations amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New*

*York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and, for the reasons discussed above, the Court dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: April 15, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

5