UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THERESA ANN HANKERSON,

                Plaintiff,

    -against-

FDIC, et al.,

                Defendants.

1:24-CV-1157 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment dated April 15, 2024, and entered on the next day, April 16, 2024, the Court dismissed this *pro se* action. (ECF 5 & 6.) On October 2, 2024, Plaintiff filed a notice of appeal, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, an application to appeal IFP, and a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). (ECF 7 & 8.)

For the reasons set forth below, the Court holds that Plaintiff's notice of appeal is untimely, and denies Plaintiff's Rule 4(a)(5) motion as untimely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP.

### DISCUSSION

A.    The notice of appeal and the Rule 4(a)(5) motion

Under Rule 4(a)(1)(B)(ii) of the Federal Rules of Appellate Procedure, when at least one of the parties in a civil action is a federal agency, a notice of appeal in that action must be filed within 60 days after entry of the judgment or order being appealed from. Fed. R. App. P. 4(a)(1)(B)(ii). Under Rule 4(a)(5), a federal district court may grant an extension of time to file a notice of appeal if: (1) a party moves for the extension no later than 30 days after the time

prescribed by Rule 4(a) to file a notice of appeal expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i), (ii).

The Clerk of Court entered the order and judgment dismissing this action on April 16, 2024. Because Plaintiff named what appears to be at least one federal agency – the Social Security Administration – as a defendant, Plaintiff had 60 days from the entry of the Court's order and judgment dismissing this action, or until June 17, 2024, to file a timely notice of appeal.[1] Fed. R. App. P. 4(a)(1)(B)(ii). Plaintiff had 30 days from that date, or until July 17, 2024, to file a timely Rule 4(a)(5) motion. Fed. R. App. P. 4(a)(5)(A)(i).

Plaintiff filed her notice of appeal on October 2, 2024. Thus, her notice of appeal is untimely. Plaintiff also filed her Rule 4(a)(5) motion on October 2, 2024. Thus, her Rule 4(a)(5) motion is also untimely. The Court therefore denies Plaintiff's Rule 4(a)(5) motion as untimely.

**B.      IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its April 15, 2024 order and judgment, the Court certified, under Section 1915(a)(3), that any appeal from that order and judgment would not be taken in good faith (ECF 5 & 6), denying IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's April 15, 2024 order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP.

---

[1] Because the last day of the 60-day period actually fell on Saturday, June 15, 2024, that period was extended to the next court-business day, Monday, June 17, 2024. *See* Fed. R. App. P. 26(a)(1)(C).

## CONCLUSION

The Court deems Plaintiff's notice of appeal (ECF 8) as untimely. The Court also denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Civil Procedure (ECF 7), as untimely. The Court further denies Plaintiff's motion for leave to proceed IFP on appeal and her application to appeal IFP. (ECF 8.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 17, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge